Ruffin, C. J.
 

 This is a bill of interpleader filed October 20th, 1839, against five persons; and, on the pleadings, the case is this: The defendant, Patton, took a judgment for $2871 against one True, by confession in Buncombe County Court, which sat on the 1st Monday of July, 1839, and on the 24th of August following, he delivered
 
 a. fieri facias,
 
 issued thereon, to the plaintiff, then the Sheriff of Lincoln, who proceeded to seize under it seven horses and other articles as the property of True, but then in the pos
 
 *49
 
 session of the defendant Clarke; which articles the Sheriff sold, and by the sale raised the sum of ¡$677 865. Before the execution came to the hands ol the Sheriff, True had absconded from Lincoln, and divers of his creditors, respectively took out original attachments, dated after the 1st Monday of July, and returnable before a Justice of the Peace, and put them into the hands of Clarke, who is another of the defendants to this suit, and was then a Constable in Lincoln, and levied them on the horses and other articles, which the Sheriff subsequently took out of his possession under Patton’s execution. Three other creditors of True, namely, the defendants Slade, Cody, and Unger, also sued out original attachments against his estate on different days in August, returnable to the County Court of Lincoln; and the bill states, that, after the plaintiff had made his sale, he was informed that these last attachments had' been served by one of his deputies on the same property, then in the hands of Clarke, and subject to the attachments that had been served by Clarke.
 

 The bill then states that the plaintiff holds the said sum of $677,865, ready to be paid to whomsoever he ought, but that he is likely to be injured in respect thereof, inasmuch as Patton claims the whole thereof under his execution, and the other defendants respectively claim parts thereof under their several attachments, and all threaten to prosecute actions against the plaintiff accordingly, and he is unable to determine to which of those parties he ought in law to account, for the following reasons: The said attaching creditors insist, that the property was not subject to Patton’s execution, because, first, the judgment was confessed by True upon the express condition, that no execution should be issued before the following October term, and it was so entered of record at the time of entering the judgment; and, secondly, that the execution was void in itself, for theresson that it was tested in vacation — on the third, instead of the first Monday of July: whereas, on the other hand, Patton insists, that the teste of his execution was incorrect by the mere misprision of the Clerk, and hath been amended, and made right by the order of the Court of Buncombe; and he’ also denies that
 
 *50
 
 there was any such stay of execution or an agreement therefor as is alleged by the other defendants; and as to that point, the said Patton avers the facts tobe, that aiter True' con^esse(^ judgment he stated that the immediate service of execution would greatly injure him, and requested Patton not to take out one in less- than .three weeks, within which period he said- he could and would pay $1000, in part of the debt; and to induce him to do so Patton agreed that he would not take out execution before three weeks, and that if True should make the payment as promised by him, he would not take it outbefore thenext term; but that this was an arrangement subsequent to the judgment, and altogether voluntary on the part of Pafton: That the Clerk of the Court was in the habit of issuing executions on all judgments whether called for by the plaintiff or not; and that merely to prevent this being done in th-at case, Patton’s attorney told that officer not to issue an execution before October term, unless ordered; and the Clerk, as a memorandum for himself in aid of his recollection, and for that purpose only, made an entry on his docket, “Execution not to issue before October:” But that when True failed to make the payment, and-Patton,.after the expiration of three weeks, applied for an execution, the Clerk, well remembering the directions given to him, did not hesitate to issue it, and, thereupon, of his own accord altered his memorandum and made it conformable to- what- had been told him, by adding the words “unless ordered.”
 

 The defendants have severally answered and presented the respective allegations and claims imputed to them in the bill; and the defendant Patton further insists that the plaintiff, having acted on his execntion, cannot-require him to in-terplead with the other parties.
 

 The counsel for the defendant Patton-has again presented the point made in his answer, by moving to dismiss the bill, upon the ground that the case is not a proper one for a bill of interpleader; and the opinion of the Court is, that the bill must be dismissed. It would have been more correct, had that defendant demurred, instead of answering. But that goes only to the costs; and as the plaintff has, in this case,
 
 *51
 
 been subjected to none by the party’s answering, that he would not have been liable to upon demurrer, no harm has been done. As to the principal point, the case falls directly within the decision made a year ago in the suit of the present plaintiff against
 
 Green and others,
 
 1 Ired. Eq. Rep. 229. The difficulties of the plaintiff arise merely on his official duty as sheriff and on the legal priorities between the several defendants. (Questions of that kind are more conveniently raised and decided at law, than in this Court. If every adverse pretension to preference in the application of an insolvent’s property among his creditors, claiming by executions or attachments, would authorise the sheriff to call upon the creditors to interplead, a judgment would seldom be satis-ed but at the end of a suit in equity. It would change the whole jurisdiction, and the Courts of law would in but few cases be able to compel the sheriff to do his duty upon the process issued to him.
 

 The bill must therefore be dismissed with costs as to Patton. Costs would likewise be given to the other defendants, but for the fact that they are represented by the same solicitor who drew the bill; from which it is inferred, that those parties and the plaintiff were at a good understanding, and did not deem the controversy between them very serious.
 

 Per Curiam. Decree accordingly.